# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

| | |
|---|---|
| ARON FREELAND, | )<br>) |
| **Plaintiff,** | )<br>) |
| v. | )    Civil Action No. 2:23-00785 |
| WILLIAM K. MARSHALL, | )<br>)<br>) |
| **Defendant.** | ) |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Plaintiff's Motion for Preliminary Injunction (Document No. 15), filed on December 11, 2023. For the reasons explained below, the undersigned has concluded that Plaintiff's above Motion should be denied.

## FACTUAL AND PROCEDURAL BACKGROUND

On December 11, 2023, Plaintiff, acting *pro se*, filed what this Court construes as a combined Motion for Preliminary Injunction and Complaint for alleged violations of his constitutional rights pursuant to 42 U.S.C. § 1983. (Document No. 1.) Plaintiff names William K. Marshall, Commissioner of the West Virginia Division of Corrections and Rehabilitation, as the sole defendant. (Id.) Plaintiff appears to allege that he is being denied access to the courts in violation of his First Amendment rights. (Id.) Plaintiff explains that he was convicted on a prison "write up," which resulted in a sanction of 90 days in punitive segregation. (Id.) Plaintiff alleges that he has a deadline established by the Fourth Circuit Court of Appeal to "perfect his appeal" by December 27, 2023 and December 28, 2023. (Id.) Plaintiff contends that due to the circumstances surrounding his placement in segregation, Plaintiff has no access to the law library, Lexis Nexis, or a prison legal assistant. (Id.) Plaintiff, therefore, states that he "is unable to meet the imposed

deadlines in the 4th Circuit Court of Appeals." (Id.) Plaintiff concludes this constitutes a "constitutional violation of access to the law library." (Id.) Plaintiff further states that he "has suffered numerous other violations" as a result of being denied access to call his attorneys. (Id.) As relief, Plaintiff requests that this Court "release him from segregation" and direct Plaintiff's transfer to a different institution. (Id.)

## THE STANDARD

Rule 65(b) of the Federal Rules of Civil Procedure sets forth the limited circumstances under which a temporary restraining order can be granted as follows:

> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

Fed.R. Civ. P. 65(b). Rule 65(a) provides that a court may issue a preliminary injunction only on notice to the adverse party. Fed. R. Civ. P. 65(a). The Fourth Circuit explained the different functions of temporary restraining orders and preliminary injunctions in Hoechst Diafoil Company v. Nan Ya Plastics Corporation, 174 F.3d 411, 422 (4th Cir. 1999), as follows:

> While a preliminary injunction preserves the status quo pending a final trial on the merits, a temporary restraining order is intended to preserve the status quo only until a preliminary injunction hearing can be held: '[U]nder federal law [temporary restraining orders] should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer.' Granny Goose, 415 U.S. at 439.

"A plaintiff seeking a preliminary injunction *must* establish that [1] he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20, 129 S.Ct. 365, 374, 172 L.Ed.2d 249

2

(2008)(emphasis added). [A]ll four requirements must be satisfied." The Real Truth About Obama, Inc. v. Federal Election Commission., 575 F.3d 342, 346 (4th Cir. 2009), *judgment vacated on other grounds*, 559 U.S. 1089, 130 S.Ct. 2371, 176 L.Ed.2d 764 (2010).[1] The Fourth Circuit has explained that "[b]ecause a preliminary injunction affords, on a temporary basis, the relief that can be granted permanently after trial, the party seeking the preliminary injunction must demonstrate by 'a clear showing' that, among other things, it is likely to succeed on the merits at trial." Id. Furthermore, the Supreme Court "rejected a standard that allowed the plaintiff to demonstrate only a 'possibility' of irreparable harm because that standard was 'inconsistent with our characterization of injunctive relief as an extraordinary remedy that may be awarded upon a clear showing that the plaintiff is entitled to such relief." Id.(citing Winters, 55 U.S. at 22, 129 S.Ct. at 375-76.) Thus, a Court may not issue a preliminary injunction or temporary restraining order "simply to eliminate a possibility of a remote future injury." Kates v. Packer, 2014 WL 1218905, * 3 (M.D.Pa. March 24, 2014)(quoting Holiday Inns of America, Inc. v. B&B Corp., 409 F.2d 614, 618 *3rd Cir. 1969)("The requisite for injunctive relief has been characterized as a 'clear showing of immediate irreparable injury,' or a 'presently existing actual threat.'"). The irreparable harm alleged by movant must be "neither remote nor speculative, but actual and imminent." Direx Israel, Ltd. v. Breakthrough Medical Corp., 952 F.2d 802, 812 (4th Cir. 1991), *abrogation recognized on other grounds*, Sarsour v. Trump, 245 F.Supp.3d 719, n. 6 (4th Cir. 2017); also see Kates, 2014 WL 1218905 at * 3(The irreparable harm must be "actual and imminent, not merely speculative.") As the Fourth Circuit has explained, the Court is no longer required to balance the irreparable harm

---

[1] The United States Supreme Court vacated the original decision in *Real Truth* for further consideration in light of *Citizens United v. Federal Election Commission*, 558 U.S. 310, 130 S.Ct. 876, 175 L.Ed.2d 753 (2010). *The Real Truth About Obama, Inc. v. Federal Election Commission*, 559 U.S. 1089, 130 S.Ct. 2371, 176 L.Ed.2d 764 (2010). The Fourth Circuit, however, reissued its opinion on Parts I and II of its opinion. *The Real Truth About Obama, Inc. v. Federal Election Commission*, 607 F.3d 355 (4th Cir. 2010).

to the respective parties. Real Truth, 575 F.3d at 347. Rather the movant must make a clear showing that he is likely to be irreparably harmed, and the Court must "pay *particular regard* for the public consequences in employing the extraordinary remedies of an injunction." Id.(citations omitted).

## DISCUSSION

First, the undersigned notes that Plaintiff has failed to establish that he is likely to succeed upon the merits. To establish a claim for a violation of the right to access to the courts, plaintiff must allege facts demonstrating that his access was impeded *and* he suffered actual injury or specific harm to his litigation efforts resulting from such impediment. Lewis v. Casey, 518 U.S. 343, 351, 116 S.Ct. 2174, 2180, 135 L.Ed.2d 606 (1996). "To prove an actual injury, plaintiff must show that the inadequacy in the prison's program hindered his efforts to pursue a non-frivolous claim concerning his conviction or conditions of confinement." Id. "A plaintiff must make specific allegations as to the actual injury sustained," and "[c]onclusory allegations are not sufficient in this regard." Winston v. Mannis, 2109 WL 1601493, * 3 (W.D.Va. April 15, 2019)(citations omitted). Furthermore, the right of access to the courts "does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims." Lewis, 518 U.S. at 355, 116 S.Ct. at 2182. Inmates, however, cannot be impeded from attacking their sentences, directly or collaterally, or challenging the conditions of their confinement. Id. "Impairment of any other litigation capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." Id. Liberally construing the allegations contained in Plaintiff's Complaint, the undersigned finds such allegations to be insignificant to state a cognizable claim.[2] Plaintiff merely

---

[2] By separate Order entered this day, the undersigned has directed Plaintiff to file an amended complaint.

4

concludes that he cannot perfect his appeal to the Fourth Circuit because he does not have access to the law library, Lexis Nexis, or a prison legal assistant. Plaintiff, however, fails to state specific facts as to how the denial of access to the foregoing is hindering his efforts to "pursue a non-frivolous claim concerning his conviction or conditions of confinement." As an Exhibit, Plaintiff merely attaches a copy of a letter from the Fourth Circuit indicating one action before the Fourth Circuit (In re: Aron Freeland, Case No. 23-1866).

First, the undersigned will consider Plaintiff's denial of access to the courts claim concerning In re: Aron Freeland, Case No. 23-1866. A review of the Docket Sheet reveals that on August 17, 2023, Plaintiff filed a petition for writ of mandamus with the Fourth Circuit seeking an order directing the United States District Court for the Northern District of West Virginia to conduct a status conference in his consolidated Section 2254 proceedings. In re: Aron Freeland, Case No. 23-1866, Document No. 1. Plaintiff filed Amended Petitions for Writ of Mandamus on August 28, 2023, and September 11, 2023. Id., Document Nos. 7 and 8. By Per Curiam Opinion and Judgment Order entered on November 15, 2023, the Fourth Circuit denied Plaintiff's Petitions for Writ of Mandamus. Id., Document Nos. 17 and 18. In support, the Fourth Circuit explained as follows:

> In these proceedings, the magistrate judge issued a report recommending that the district court dismiss Freeland's § 2254 petitions and deny his motions for a status conference. Freeland recently filed objections to the report and requested that the district court order his appearance at a hearing before it. Freeland's conduct thus reflects that he has other means to attain the relief that he seeks, i.e., by pursuing his objections to the magistrate judge's report. We are also satisfied that Freeland has not shown that he has a clear right to a status conference at this juncture. Accordingly, we deny the petition and amended petitions for a writ of mandamus. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

Id., Document No. 17. On November 27, 2023, Plaintiff filed with the Fourth Circuit a Motion for Extension of Time to file a petition for rehearing. Id., Document No. 20. By Order entered on November 28, 2023, the Fourth Circuit granted Plaintiff's Motion extending the time for filing a petition for rehearing to December 28, 2023. Id., Document No. 21. The Fourth Circuit stated that "no further extensions will be granted." Id.

To the extent Plaintiff is alleging that he is hindered from filing his petition for rehearing, the undersigned finds that Plaintiff cannot establish he is pursuing "a non-frivolous claim concerning his conviction or conditions of confinement." The above action involves a petition for writ of mandamus, which has been denied by the Fourth Circuit. Although Plaintiff indicates he wishes to file a petition for rehearing, Plaintiff fails to offer any details as to how this filing would be non-frivolous.[3] Accordingly, the undersigned finds that Plaintiff fails to establish that he is likely to succeed upon the merits of his denial of access to the courts claim concerning In re: Aron Freeland, Case No. 23-1866 for purposes of granting in motion for preliminary injunction.

Next, the undersigned will consider Plaintiff's denial of access to the courts claim concerning Plaintiff's Section 2254 actions. On February 9, 2023, and February 10, 2023, Plaintiff filed in the Southern District of West Virginia two Section 2254 Petitions. Both actions were transferred to the Northern District of West Virginia. Freeland v. Marshall, Case Nos. 3:23-cv-00063, Document No. 47. On June 12, 2023, the Northern District consolidated the two Section 2254 actions. Id. By Proposed Findings and Recommendation entered on August 10, 2023, United

---

[3] A petition for rehearing "must state with particularity each point of law or fact that the petitioner believes the court has overlooked or misapprehended and must argue in support of the petition." Fed. R. App. P. 40(a)(2). Thus, a petition for rehearing should alert the panel to specific factual or legal matters that the party raised, but that the panel may have failed to address or may have misunderstood. Plaintiff fails to indicate that he believes the panel overlooked or misunderstood factual or legal matters. Furthermore, a petition for rehearing is not a vehicle for presenting new arguments, and absent extraordinary circumstance, the panel will not entertain arguments raised for the first time in a petition for rehearing. Since a proper petition for rehearing presents factual or legal matters already raised but that were allegedly misunderstood or overlooked by the court, access to the law library or Lexis Nexis should be unnecessary as new arguments are improper absent extraordinary circumstances.

States Magistrate Judge James P. Mazzone recommended that the District Court deny and dismiss without prejudice Plaintiff's Section 2254 Petitions. Id. On October 6, 2023, Plaintiff filed his Objections. Id., Document No. 65. On October 10, 2023, United States District Judge John Preston Bailey adopted the Magistrate Judge's report and recommendation. Id., Document No. 67. On October 30, 2023, Plaintiff filed a Notice of Appeal. Id., Document No. 69. On November 13, 2023, District Judge Bailey denied Plaintiff a certificate of appealability. Id., Document No. 76. On November 13, 2023, the Fourth Circuit entered an Informal Preliminary Briefing Order. Freeland v. Marshall, Case No. 23-7058, Document No. 8. On November 27, 2023, Plaintiff filed a Motion to Extend Time for the filing of his *in forma pauperis* application and informal opening brief. Id., Document No. 16. By Order entered on November 27, 2023, the Fourth Circuit granted Plaintiff's Motion giving Plaintiff until December 27, 2023 to file his *in forma pauperis* application and informal opening brief. Id., Document No. 17. The Fourth Circuit further stated that "[a]ny further request for an extension of time in which to file the informal opening brief or satisfy the fee requirement shall be disfavored." Id. Plaintiff filed his *in forma pauperis* application on December 7, 2023, and the Fourth Circuit granted the application on the same day. Id., Document Nos. 18 and 19.

To the extent Plaintiff is alleging that he is hindered from filing his opening brief in Freeland v. Marshall, Case No. 23-7058 (4th Cir.), the undersigned finds that Plaintiff has not alleged sufficient allegations to establish that he is pursuing "a non-frivolous claim." Thus, the undersigned cannot find that Plaintiff establishes that he is likely to succeed upon the merits of his denial of access to the courts claim for purposes of granting in motion for preliminary injunction. Additionally, Plaintiff has further failed to show that he will suffer irreparable harm if the preliminary injunction is denied. The record reveals that the Fourth Circuit granted a prior motion

for extension of time based on Plaintiff's alleged lack of access to the law library, Lexis Nexis, and an inmate legal assistant. Plaintiff indicates that his lack of access to the law library, Lexis Nexis, and an inmate legal assistant is temporary due to his 90 day placement in punitive segregation. Although the Fourth Circuit stated that any further extension of time would be "disfavored," there is no indication that Plaintiff has sought and been denied a second extension of time. To the extent Plaintiff wishes this Court to speculate that a second request for extension of time would be denied by the Fourth Circuit, the undersigned declines to do so. As explained above, the mere possibility of harm will not suffice to support the granting of a temporary or preliminary injunction. Winter, 55 U.S. at 22, 129 S.Ct. at 375-76. Furthermore, the undersigned notes it is unlikely that the Fourth Circuit would deny a second request for extension of time based on the continuation of the very same circumstances that warranted the granting of the first extension of time. Therefore, the undersigned finds that Plaintiff has not clearly shown that he is likely to succeed on the merits, or that he is likely to be irreparably harmed without a temporary or preliminary injunction.

Finally, the Court lacks authority to grant Plaintiff's request for injunctive relief. Plaintiff requests that this Court enter an order transferring him to a different prison facility or release him from segregation. The classification and transfer of prisoners falls within the broad discretion to prison administrators and courts lack authority to order that a prisoner be confined to any particular institution or be released from segregation. See McKune v. Lile, 536 U.S. 24, 40, 122 S.Ct. 2017, 153 L.Ed.2d 47 (2002)("It is well settled that the decision where to house inmates is at the core of prison administrators'' expertise."); Meachum v. Farno, 427 U.S. 215, 225, 96 S.Ct. 2532, 2539, 49 L.Ed.2d 451 (1976)(the transfer of a convicted and sentenced inmate is within the sound discretion of the BOP); Gaston v. Taylor, 946 F.2d 340 (4th Cir. 1991)("[C]hanges in a prisoner's

location, variations of daily routine, changes in conditions of confinement including administrative segregation, and denial of privileges . . . are necessarily functions of prison management that must be left to broad discretion of prison administrators to enable them to manage prison safely and efficiently"); United States v. Williams, 65 F.3d 301, 307 (2nd Cir. 1995)("A sentencing court has no authority to order that a convicted defendant be confined in a particular facility, much less placed in a particular treatment program; those decisions are within the sole discretion of the Bureau of Prisons."); Bruce v. Carvajal, 2020 WL 7334502, * 3 (M.D.Fl. Dec. 14, 2020)(finding that the Court did not have the authority to order that the BOP transfer an inmate to home confinement); Milhouse v. O'Brien, 2014 WL 12521373, (N.D.W.Va. Feb. 25, 2014)(denying plaintiff's motion for temporary or preliminary injunction where plaintiff failed to satisfy the first *Winter's* factor because he could not succeed on his request for a transfer to a different prison facility); Sowell v. Owen, 2011 WL 7861756 (D.S.C. Nov. 22, 2011)("[T]he Bureau of Prisons has complete and absolute discretion regarding where a prisoner is to be held in confinement."); Hinton v. Federal Bureau of Prisons, 2009 WL 3347158, * 4 n. 5 (S.D.W.Va. Oct. 14, 2009)(J. Johnston)("Inmates . . . have no constitutional right to be housed in any particular prison or jail, regardless of security classification.").

Based upon the foregoing, it is respectfully recommended that the District Court deny Plaintiff's Motion for Preliminary Injunction (Document No. 1).[4]

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the

---

[4] The undersigned further notes that Plaintiff is a frequent filer having initiated at least 17 actions in the Northern and Southern Districts of West Virginia. *See Freeland*, Case No. 3:23-cv-00063, Document No. 47, pp. 6 – 7(Specifically identifying 17 actions filed by plaintiff).

District Court **DENY** Plaintiff's Motion for Preliminary Injunction (Document No. 1).

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Berger and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*.

Date: December 14, 2023.



Omar J. Aboulhosn
United States Magistrate Judge