IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ARON FREELAND,

        Plaintiff,

v.          CIVIL ACTION NO. 2:23-cv-00785

WILLIAM K. MARSHALL,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Plaintiff's pro se *Expedited Suit for Petition for Injunctive Relief to Release Plaintiff From Punitive Segregation with Immediate Transfer to Saint Mary's Correctional Center, Northern Correctional Center, or Denmar Correctional Center Where He Can Access the Prison Law Library and Perfect His Appeals in the 4th Circuit Court of Appeals in Richmond, V.A.* (Document 1). Therein, the Plaintiff asserts that he is being denied access to the courts because he lacks access to the law library, Lexis Nexis, and a prison legal assistant while in punitive segregation. By *Standing Order* (Document 2) entered on December 12, 2023, this action was referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636. On December 14, 2023, Magistrate Judge Aboulhosn submitted a *Proposed Findings and Recommendation* (PF&R) (Document 4), wherein it is recommended that this Court deny the Plaintiff's motion for a preliminary injunction. The Plaintiff timely filed the *Plaintiff's Objections to R&R* (Document 11), as well as separately filing *Plaintiff's Motion to Explain Why*

*He Seeks Expedited Injunctive Relief* (Document 7), which the Court also construes as objections. For the reasons stated herein, the Court finds that the Plaintiff's objections should be overruled.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Magistrate Judge Aboulhosn's PF&R sets forth in detail the procedural and factual history surrounding the Plaintiff's claims. The Court now incorporates by reference those facts and procedural history. In order to give context for the ruling herein, the Court provides the following summary.

The Plaintiff, Aron Freeland, is an inmate in the custody of the West Virginia Division of Corrections and Rehabilitation. He has several ongoing federal lawsuits in the Southern District of West Virginia, the Northern District of West Virginia, and the Fourth Circuit Court of Appeals. Because he was placed in punitive segregation for ninety days as a disciplinary measure, he contends that he is unable to access the law library or other legal resources that he needs to meet deadlines established by the Fourth Circuit.

## STANDARD OF REVIEW

This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). When reviewing

portions of the PF&R de novo, the Court will consider the fact that Petitioner is acting *pro se*, and his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

**DISCUSSION**

In the PF&R, Judge Aboulhosn finds that the Plaintiff is not entitled to injunctive relief. Judge Aboulhosn concluded that the Plaintiff failed to establish a likelihood of success on the merits as to a claim for violation of his right to access the courts. Judge Aboulhosn reviewed the docket sheets of his assorted pending actions and found that the Plaintiff could not show that he was being hindered from pursuing non-frivolous litigation. In addition, Judge Aboulhosn explained that the Court does not have the authority to order that an inmate be released from segregation or transferred to another facility under the circumstances presented.

The Plaintiff objects to the PF&R. He argues that he properly exhausted administrative remedies and that he will suffer irreparable injury without the Court's intervention because he will be unable to pursue his appeals. He argues that restrictions on the amount of legal paperwork he may possess illegally interfere with his access to the courts. In addition, he contends that he is being denied help to pursue his litigation by being placed in solitary confinement. He urges the Court to hold a hearing in person to "find a speedy resolution" to the conditions of confinement that limit his ability to pursue his various legal actions, and to order his state attorneys, the county prosecutor, and the state circuit court judge to appear in person to "move the proceedings forward." (Obj. at 5.)

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the

3

balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Plaintiffs must satisfy all four requirements. *JAK Prods., Inc. v. Bayer*, 616 F. App'x 94, 95 (4th Cir. 2015) (unpublished, per curiam opinion); *Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346 (4th Cir. 2009), *cert. granted, judgment vacated,* 559 U.S. 1089, 130 S. Ct. 2371, 176 L. Ed. 2d 764 (2010), and *adhered to in part sub nom. The Real Truth About Obama, Inc. v. F.E.C.*, 607 F.3d 355 (4th Cir. 2010). The standard requires the plaintiff "to make a clear showing of likelihood of success on the merits." *Dewhurst v. Century Aluminum Co.*, 649 F.3d 287, 292 (4th Cir. 2011) (quotation marks omitted). The final two factors, "assessing the harm to the opposing party and weighing the public interest…merge when the Government is the opposing party." *Nken v. Holder*, 556 U.S. 418, 435 (2009).

The Plaintiff's objections do not point out any specific error in Judge Aboulhosn's analysis of the likelihood of success on the merits. He has not pled, with specificity, how his placement in solitary confinement actually harmed any non-frivolous litigation efforts. *Lewis v. Casey*, 518 U.S. 343, 351–53 (1996). The asserted harm relates only to his ability to meet deadlines set by the Fourth Circuit with respect to certain appellate litigation. The court in which such litigation is pending is best positioned to ascertain what legal resources and/or time may be needed for a litigant to pursue any potentially non-frivolous claims. Moreover, the Plaintiff clearly retains some access to the courts, given his continued filings in this and other cases. Likewise, the Plaintiff does not appear to dispute Judge Aboulhosn's finding that the Court does not have the authority to direct that he be transferred or released from segregation on the grounds requested. The Court finds no merit in his alternative suggestion, put forth in his objections, that the Court

hold an in-person hearing to be attended by the Plaintiff, the Defendant, the Plaintiff's state counsel, a state judge, and a county prosecutor.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the *Plaintiff's Objections to R&R* (Document 11) and *Plaintiff's Motion to Explain Why He Seeks Expedited Injunctive Relief* (Document 7) be **OVERRULED**, that the *Proposed Findings and Recommendation* (PF&R) (Document 4) be **ADOPTED**, and that the Plaintiff's motion for a preliminary injunction, contained in his *Expedited Suit for Petition for Injunctive Relief to Release Plaintiff From Punitive Segregation with Immediate Transfer to Saint Mary's Correctional Center, Northern Correctional Center, or Denmar Correctional Center Where He Can Access the Prison Law Library and Perfect His Appeals in the 4th Circuit Court of Appeals in Richmond, V.A.* (Document 1), be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to Magistrate Judge Aboulhosn, to counsel of record, and to any unrepresented party.

ENTER: March 12, 2024

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA